UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NICHOLAS BAUER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 11-CV-3374 |
| | ) | |
| ALFREDA KIBBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs, proceeding *pro se* and currently detained in the Rushville Treatment and Detention Center, seek leave to proceed *in forma pauperis* on their claims that they are being retaliated against for pursuing their claims in a case pending before this Court, Bauer v. Phillips, 10-3205 (C.D. Ill., Judge Myerscough).[1]

The "privilege to proceed without posting security for costs and fees

---

[1] Bauer was originally assigned to Judge Baker and was transferred to this Judge in September, 2011.

is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." <u>Brewster v. North Am. Van Lines, Inc.</u>, 461 F.2d 649, 651 (7th Cir. 1972).

In August, 2010, Plaintiffs filed case 10-3205 in this District, challenging Rushville's blanket ban on R-rated movies and M-rated games. That case was stayed pending the resolution of another case involving the same challenge, <u>Smego v. Payne</u>, 09-3244 (C.D. Ill., Judge Myerscough).[2] Judge Baker ultimately granted summary judgment to the defendants in <u>Smego</u> on the blanket ban claim. The stay in this case was then lifted, with discovery set to close at the end of this month.

Plaintiffs allege in this case that Defendants are retaliating against them for case 10-3205 by implementing even more restrictive rules on games, movies and electronic devices. However, Plaintiffs are already pursuing this retaliation claim in case 10-3205. Judge Baker included the retaliation claim in his June 16, 2011, text order, which states,"the court

---

[2]As with <u>Bauer</u>, <u>Smego</u> was originally assigned to Judge Baker and was transferred to this Judge in September, 2011.

concludes that the plaintiffs also state a claim for retaliation for filing [this] lawsuit through the implementation of more restrictive rules on electronics, movies, and games."³  Thus, Plaintiffs' petitions to proceed *in forma pauperis* will be denied on the basis that the claims in this case are duplicative of those already proceeding in case 10-3205.  *See* Trippe Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 629 (7th Cir. 1995)(affirming dismissal of duplicative lawsuit: "Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources.").

IT IS THEREFORE ORDERED:

1.  Plaintiffs' petitions to proceed *in forma pauperis* are denied (d/e's 2, 4, 6, 8, 9, 10, 12, 13) because Plaintiffs are already pursuing

---

³This Court determined in a prior case that Rushville's ban on electronic devices does not violate the First Amendment or the equal protection clause.  Schloss v. Ashby, 11-3337 (C.D. Ill., Judge Myerscough).  In Schloss, this Court ruled that the ban is rationally related to legitimate security concerns.  In light of that ruling, a retaliation claim is difficult to discern, since the ban is supported by legitimate security concerns even if the ban was motivated in part by retaliation.  Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996)("[T]he ultimate question is whether events would have transpired differently absent the retaliatory motive.").  However, the Court need not address the viability of the retaliation claims now, but will do so in case 10-3205, after dispositive motions are filed.

these claims in case 10-3205. All pending motions are denied as moot, and this case is closed.

2. If Plaintiffs wish to appeal this dismissal, they must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiffs plan to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: 12/8/2011

FOR THE COURT:

                                              s/Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                              UNITED STATES DISTRICT JUDGE